# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

JAMES HORGAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
TREY HUNT,

    Defendants.

Case No. 18-00721-CV-W-NKL

# ORDER

Plaintiff James Horgan alleges that his car was damaged as the result of a collision in February 2018 caused by Defendant Trey Hunt, who at the time was acting as an agent and employee of the United States Postal Service ("USPS"). Defendants United States of America and Mr. Hunt move to dismiss Mr. Horgan's claims on the grounds that Mr. Horgan's claim against Mr. Hunt is barred by absolute immunity and Mr. Horgan's claim against the United States fails because of his failure to file an administrative claim. For the reasons discussed below, the Court grants the motion to dismiss.

## I. The Claim Against Mr. Hunt

There is no dispute that Mr. Hunt was acting in the scope of his employment with the United States Postal Service at the time of the vehicular collision at issue. *See* Complaint, Doc. 1, ¶ 6 ("At all times relevant hereto, Defendant Hunt was acting as an agent and/or employee on behalf of the United States Postal Service, and acting within the scope of said agency or employment."); Motion of the Federal Defendants to Dismiss, Doc. 10, p. 3 ("[T]he United States Attorney (as the proper designee) has certified that Hunt was acting in the scope of his employment

with the USPS at the time of the February 4, 2018 automobile accident."). Where, as here, the United States Attorney General has certified that a federal employee was acting within the scope of his employment, any pending civil action against the employee for that conduct must "be deemed an action against the United States," and the United States shall be substituted as the party defendant. 28 U.S.C. § 2679(d)(1). This immunity for federal employees extends even to state law tort claims. *See United States v. Smith*, 499 U.S. 160, 165, 111 S. Ct. 1180, 1184-85 (1991) (holding that the Liability Reform Act "makes the [Federal Tort Claims Act ("FTCA")] the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability"); *Brown v. Armstrong*, 949 F.2d 1007, 1010 (8th Cir. 1991) ("[B]ecause the FTCA is an exclusive remedy for torts committed by federal employees acting within the scope of their employment, if recovery is not available against the United States under § 2680, it is not available at all."). Thus, Mr. Hunt is immune to Mr. Horgan's claim, and the claim against Mr. Hunt must be dismissed.

## II. The Claim Against the United States

The FTCA is, with exceptions that do not apply here, the exclusive remedy for property damage "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1). Therefore, Mr. Horgan's claim against the United States can survive only insofar as it comports with FTCA requirements.

The FTCA constitutes a limited waiver by the United States of its general immunity to suit. *See, e.g., Molzof v. United States*, 502 U.S. 301, 304–05, 112 S. Ct. 711, 714 (1992) ("Prior to 1946, the sovereign immunity of the United States prevented those injured by the negligent acts of federal employees from obtaining redress through lawsuits; compensation could be had only by

passage of a private bill in Congress. The FTCA replaced that notoriously clumsy system of compensation with a limited waiver of the United States' sovereign immunity.") (quotation marks and citations omitted). The "limitations and conditions upon which the government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S. Ct. 2698, 2702 (1981); *see also Smith v. United States*, 507 U.S. 197, 203, 113 S. Ct. 1178, 1183 (1993) ("We should also have in mind that the Act waives the immunity of the United States and that we should not take it upon ourselves to extend the waiver beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended.") (quotation marks and citation omitted). "A waiver of sovereign immunity is strictly construed in favor of the United States, and the party bringing suit bears the burden of demonstrating waiver." *May v. United States*, No. 17-04157-NKL, 2017 WL 6419298, at *2 (W.D. Mo. Dec. 15, 2017), *aff'd*, 744 F. App'x 994, 995 (8th Cir. 2018).

The FTCA requires a claimant to timely file a written administrative claim with the federal agency at issue. *See Bohac v. Walsh*, 386 F.3d 859, 861 (8th Cir. 2004) ("Under the Federal Tort Claims Act, a claimant must present her 'claim to the appropriate Federal agency' and the agency must make a final decision before the claimant may bring an action against the United States." (citing 28 U.S.C. § 2675(a)). Here, although Shelter Insurance Companies as subrogee of James and Kelly Horgan filed a claim with USPS, there is no dispute that Mr. Horgan himself has filed no such claim. The question before the Court is whether Shelter's filing of the administrative claim constitutes a filing by Mr. Horgan himself.

Mr. Horgan argues that, because Shelter is subrogated to the rights of the insured, Shelter's claim belongs to Mr. Horgan under Missouri law and must be brought in his name, rather than

3

Shelter's name. However, Mr. Horgan does not suggest, or submit evidence to show, that Shelter's claim and his own claim are coextensive, such that Shelter's claim would have given the government a sufficient basis to evaluate his own claim.[1] The prerequisite of an administrative claim setting forth the "sum certain" sought "assures an agency of the basic information necessary to initiate prompt settlement proceedings," and "an insurer's request for reimbursement alone may not adequately perform those notice-giving functions" because "[t]he claims of an injured party and his insurance carrier are not always coextensive." *Shelton v. United States*, 615 F.2d 713, 715 (6th Cir. 1980). While "[a]n insurer's claim will never exceed that of the injured party," the injured party "often seeks recovery for damages not encompassed in the insurer's claim." *Id.* To permit the insured to rely on the insurer's administrative claim absent evidence that the claims are identical thus would defeat the statutory purpose. *See id.* (affirming dismissal of claim for failure to exhaust administrative remedies where only plaintiff's insurer filed an administrative claim and the record "disclose[d] that Shelton's and Aetna's claims were not, in fact, identical"); *see also Cizek v. United States*, 953 F.2d 1232, 1234 (10th Cir. 1992) ("The insurer requested reimbursement for claims paid on Plaintiff's behalf in the amount of $1,632.56. . . . Plaintiff[] . . . requested $74,500.00 in damages. . . . Considering the wide disparity in these figures, we suggest that they demonstrate that the insurer's claim for reimbursement and Plaintiff's claim for damages were not, in fact, identical. Furthermore, Plaintiff has failed to explain how the government could evaluate her claim based upon her insurer's claim for reimbursement."); *Penn Millers Ins. Co. v. United States*, 472 F. Supp. 2d 705, 713 (E.D.N.C. 2007) (holding that, given FTCA's administrative-exhaustion requirement, where insurance company as subrogee filed administrative

---

[1] Mr. Horgan stated that the "original demand" from Shelter was attached as an exhibit to his response to the motion to dismiss (Plaintiff's Response to Defendant's Motion to Dismiss, Doc. 14, p. 1), but the document has not been filed with the Court.

claim, but plaintiff never did so, and there was a nearly $7,000 difference between the insured's and the insurer's damages, "the court lacked subject matter jurisdiction over [plaintiff]'s complaint"); *cf. Perry v. United States*, No. 06-1102, 2007 WL 2778258, at **1-3 (W.D. Wash. Sept. 21, 2007) (finding that where insurer's administrative claim referred to plaintiff's deductible—a cost apparently borne only by the plaintiff—as well as the insurer's costs, the claim constituted a joint claim, and therefore plaintiff had properly submitted an administrative claim). Because the plaintiff "bears the burden of demonstrating waiver" of sovereign immunity (*May*, 2017 WL 6419298, at *2) and such waivers must be strictly construed, and in light of the relevant case law and the lack of evidence or argument that Shelter's claim and Mr. Horgan's claims are coextensive, the Court finds that Mr. Horgan has failed to show that his administrative claim was filed with the USPS, and his claim against the United States must be dismissed for lack of subject matter jurisdiction.

### III. Conclusion

For the reasons discussed above, the motion to dismiss is GRANTED. Mr. Horgan's claims against Mr. Hunt are DISMISSED with prejudice, and his claims against the United States are DISMISSED without prejudice.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 11, 2019
Jefferson City, Missouri